IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODGER L. McAFEE,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, MIKE JOHANNS, Secretary of the Department of Agriculture, and JAMES R. LITTLE, Administrator of Farm Services Agency,<br><br>        Defendants. | CV F 96-5720 AWI SMS<br><br>CV 05-0438 AWI DLB<br><br>ORDER DENYING REQUEST FOR ORDER SHORTENING TIME, VACATING HEARING DATE, AND SETTING BRIEFING SCHEDULE<br><br>Document # 47 |

      Case number 96cv5720 is an action by United States of America, Mike Johanns, Secretary of the Department of Agriculture and James R. Little, Administrator of the Farm Services Agency (collectively, "United States") to foreclose on farm property owned by the plaintiff in this case, Rodger L. McAfee ("McAfee") that had been offered as security for farm loans totaling $2,075,980. Case number 05cv0438 is an independent action by plaintiff McAfee pursuant to Rule[1] 60(b) of the Federal Rules of Civil Procedure to vacate the judgment in case number 96cv 5720. On October 6, 2005, this court granted United States' motion for order of judicial sale in case 96cv5720. Doc. 163. On the same date, the court granted United States' motion to dismiss McAfee's separate action pursuant to Rule 60(b) in case number 05cv0438.

---

[1] References to Rules hereinafter are to the Federal Rules of Civil Procedure unless otherwise specified.

Doc. 30. McAfee's request for reconsideration was denied on November 30, 2005. McAfee filed notice of appeal to the Ninth Circuit Court of Appeals on December 5, 2005. The court's docket indicates the appeal was processed to the Ninth Circuit on February 7, 2006. In the instant motion, McAfee has requested an order shortening time for consideration of the motion to stay pending appeal.

The court takes notice of the protracted history of this case, and finds McAffee's has failed on several occasions to timely pursue legal options available to him. In the present instance, McAfee knew of the order of judicial sale and of the court's denial of his motion for reconsideration by the earliest part of December 2005. The court also notes McAfee determined he would appeal the court's order denying his Rule 60(b) challenge to the court's judgment by December 5, 2005. McAfee had from that time to request stay pending appeal but has instead chosen to wait until the eleventh hour to request the stay. The court finds any order to shorten time would prejudice and burden both the court and the opposing party by severely constraining the time available to give full and fair consideration to the request. The court further finds McAfee had fair opportunity to make his request for stay pending appeal at a time and in a manner that would have avoided prejudice to other parties. The court will not reward delay by issuing orders that could have the effect of compromising the deliberative process.

THEREFORE, in consideration of the foregoing, McAfee's request for an order shortening time is hereby DENIED. Any hearing dates currently scheduled for oral argument on McAfee's motion for stay pending appeal are hereby VACATED. The Following schedule for further briefing is ordered:

1. United States shall file and serve any opposition to the motion for stay pending appeal not later than 4:00 p.m. Friday, March 10, 2006. In the opposition, if any, United States shall specify the amount of any supersedeas bond applicable in this case pursuant to Rule 62(c) of the Federal Rules of Civil Procedure.

2. McAfee may file and serve any reply not later than 4:00 p.m. Friday, March 17, 2006. In the alternative or in addition, McAfee may post a supersedeas bond the amount specified by United States. If a supersedeas bond is posted, a stay pending appeal will be granted as of the date of posting of the bond.

3. As of March 17, 2006, the court shall take the matter under submission. Pursuant to Local Rule 78-230, the court finds at this time that oral argument is not necessary in this case and no party shall appear for oral argument. Pursuant to Local Rule 78-230(h), the court may later schedule oral argument should it determine such oral argument appropriate.

IT IS SO ORDERED.

Dated:   **March 1, 2006**                     /s/ Anthony W. Ishii
h2ehf                                          UNITED STATES DISTRICT JUDGE